**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| RHONDA ALEY, on behalf of herself and others similarly situated, | : : | CIVIL ACTION FILE NO. |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | **COMPLAINT – CLASS ACTION** |
| | : | |
| ELIGO ENERGY, LLC | : | |
| | : | **JURY TRIAL DEMANDED** |
| Defendant. | : | |
| | : | |
| | : | |
| _____/ | | |

Plaintiff Rhonda Aley (hereinafter referred to as "Plaintiff"), individually and on behalf of all others similarly situated, alleges on personal knowledge, investigation of her counsel, and on information and belief, as follows:

**<u>NATURE OF ACTION</u>**

1.      As the Supreme Court explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back. As relevant here, the Telephone Consumer Protection Act of 1991, known as the TCPA, generally prohibits robocalls to cell phones and home phones." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

2.      However, the TCPA doesn't only restrict robocalls and as the Fourth Circuit Court of Appeals has explained, "Telemarketing calls are intrusive. A great many people object to these calls, which interfere with their lives, tie up their phone lines, and cause confusion and

disruption on phone records. Faced with growing public criticism of abusive telephone marketing practices, Congress enacted the Telephone Consumer Protection Act of 1991. Pub. L. No. 102-243, 105 Stat. 2394 (1991) (codified at 47 U.S.C. § 227). As Congress explained, the law was a response to Americans "outraged over the proliferation of intrusive, nuisance calls to their homes from telemarketers" *id.* § 2(6), and sought to strike a balance between "[i]ndividuals' privacy rights, public safety interests, and commercial freedoms" *id.* § 2(9).

      3.     "The law opted for a consumer-driven process that would allow objecting individuals to prevent unwanted calls to their homes. The result of the telemarketing regulations was the national Do-Not-Call registry. *See* 47 C.F.R. § 64.1200(c)(2). Within the federal government's web of indecipherable acronyms and byzantine programs, the Do-Not-Call registry stands out as a model of clarity. It means what it says. If a person wishes to no longer receive telephone solicitations, he can add his number to the list. The TCPA then restricts the telephone solicitations that can be made to that number. *See id.*; 16 C.F.R. § 310.4(b)(iii)(B) ('It is an abusive telemarketing act or practice and a violation of this Rule for a telemarketer to . . . initiat[e] any outbound telephone call to a person when . . . [t]hat person's telephone number is on the "do-not-call" registry, maintained by the Commission.')…Private suits can seek either monetary or injunctive relief. *Id*…This private cause of action is a straightforward provision designed to achieve a straightforward result. Congress enacted the law to protect against invasions of privacy that were harming people. The law empowers each person to protect his own personal rights. Violations of the law are clear, as is the remedy. Put simply, the TCPA affords relief to those persons who, despite efforts to avoid it, have suffered an intrusion upon their domestic peace." *Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 649-50 (4th Cir. 2019).

4.     The Plaintiff alleges that Eligo Energy, LLC ("Eligo Energy") made unsolicited telemarketing calls to her residential telephone number that is listed on the National Do Not Call Registry, including those using a pre-recorded message.

5.     Because telemarketing calls typically use technology capable of generating thousands of similar calls per day, the Plaintiff sues on behalf of a proposed nationwide class of other persons who received similar calls.

6.     A class action is the best means of obtaining redress for the Defendant's illegal telemarketing and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

## PARTIES

7.     Plaintiff Rhonda Aley is an individual.

8.     Defendant Eligo Energy, LLC is a Delaware limited liability company with its principal place of business in this District.

## JURISDICTION AND VENUE

9.     This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227 *et seq*.

10.     This Court has personal jurisdiction over Eligo Energy because its principal place of business is in this District.

11.     Venue is proper pursuant to 28 U.S.C. § 1391(b) because the Defendant sent the calls at issue from this District.

## TCPA BACKGROUND

12.     In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry.  In so doing, Congress recognized that "[u]nrestricted telemarketing . . .

can be an intrusive invasion of privacy [.]" Telephone Consumer Protection Act of 1991, Pub. L.

No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

The TCPA Prohibits Automated Telemarketing Calls

13.     The TCPA makes it unlawful to make any call (other than a call made for

emergency purposes or made with the prior express consent of the called party) using an

artificial or prerecorded voice to any residential telephone number.  *See* 47 U.S.C. §

227(b)(1)(B).

14.     The TCPA provides a private cause of action to persons who receive calls in

violation of 47 U.S.C. § 227(b)(1)(A) or 47 U.S.C. § 227(b)(1)(B).  *See* 47 U.S.C. § 227(b)(3).

15.     According to findings by the Federal Communication Commission ("FCC"), the

agency Congress vested with authority to issue regulations implementing the TCPA, such calls

are prohibited because, as Congress found, automated or prerecorded telephone calls are a

greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly

and inconvenient.

16.     In 2013, the FCC required prior express written consent for all autodialed or

prerecorded telemarketing calls ("robocalls") to wireless numbers and residential lines.

Specifically, it ordered that:

> [A] consumer's written consent to receive telemarketing robocalls must be signed
> and be sufficient to show that the consumer:  (1) received "clear and conspicuous
> disclosure" of the consequences of providing the requested consent, i.e., that the
> consumer will receive future calls that deliver prerecorded messages by or on behalf
> of a specific seller; and (2) having received this information, agrees unambiguously
> to receive such calls at a telephone number the consumer designates.[] In addition,
> the written agreement must be obtained "without requiring, directly or indirectly,
> that the agreement be executed as a condition of purchasing any good or service.[]"

*In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991,*

27 F.C.C. Rcd. 1830, 1844 (2012) (footnotes omitted).

The National Do Not Call Registry

17. The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

18.     A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id*.

19.     The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provides a private right of action against any entity that makes those calls, or "on whose behalf" such calls are promoted. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

## FACTUAL ALLEGATIONS

20.     Defendant Eligo Energy is a "person" as the term is defined by 47 U.S.C. § 153(39).

21.     Eligo Energy generates new customers through telemarketing calls to numbers on the National Do Not Call Registry, including by pre-recorded calls.

22.     At no point has the Plaintiff sought out or solicited information regarding Defendant's goods and services prior to receiving the telemarketing calls at issue.

Calls to Ms. Aley

23.     Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

24.     Plaintiff's telephone number (the "Number"), 315-225-XXXX, is a cellular telephone number.

25.     That number has been on the National Do Not Call Registry and has been registered continuously since October 27, 2008.

26.     That number is a residential number not associated with a business.

27.     The number is for personal calls only.

28.     Despite this, the Defendant placed multiple telemarketing calls to Ms. Aley.

29.     This includes at least two calls on August 9, 2022.

30.     Both calls were sent from the same Caller ID, 607-875-8001.

31.     Ms. Aley did not recognize the number and rejected the first call.

32.     However, the Defendant called again.

33.     On the second call, the Defendant left a pre-recorded message.

34.     The pre-recorded message stated:

> This is Ms. Gardner. I was trying to reach you regarding an important matter of reviewing the supply charges for your National Grid electric statement. Please return my call at (607) 875-8001. Again, that number is (607) 875-8001. And have a statement available to review. Your reference number is N165. I'll speak to you soon.

35.     The call was clearly pre-recorded because (a) there was a long pause before the call (b) there was a click before the recorded message began (c) the message was monotone and non-personalized.

36.     The Plaintiff called back the number left on the message.

37.     The Defendant, through an employee named "Kaitlyn" advertised the Defendant's services, including what they claimed was an ability to lower the Plaintiff's electric bill if she signed up with them.

38.     Prior to filing this case, Plaintiff's counsel wrote to the Defendant regarding the calling conduct, including the pre-recorded call.

39.     The Defendant did not deny making the calls.

40.     Plaintiff's privacy has been violated by the above-described telemarketing calls.

41.     The Plaintiff never provided his consent or requested these calls.

42.     Plaintiff and all members of the Class, defined below, have been harmed by the acts of Defendant because their privacy has been violated, and they were annoyed and harassed.

43.     In addition, the calls occupied their telephone lines, rendering them unavailable for legitimate communication.

## Class Action Allegations

44.     Plaintiff brings this action on behalf of himself and the following Classes (the "Classes") pursuant to Federal Rule of Civil Procedure 23(b)(2) or (b)(3).

45.     Plaintiff proposes the following Class definitions, subject to amendment as appropriate:

**Robocall Class:** All persons within the United States: (1) to whose cellular telephone line (2) the Defendant or a call center they hired (3) made a pre-recorded call (4) from four years prior to the filing of the case through the date of class certification.

**Do Not Call Registry Class:** All persons in the United States whose (1) telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarketing call from or on behalf of Defendant (3) within a 12-month period (4) from the four years prior to the filing of the complaint through the date of trial.

46.     Plaintiff is a member of this classes and will fairly and adequately represent and protect the interests of this classes as he has no interests that conflict with any of the class members.

47.     Excluded from the Class are counsel, the Defendant, and any entities in which the Defendant has a controlling interest, the Defendant's agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

48.     Plaintiff and all members of the Class have been harmed by the acts of the Defendant, including, but not limited to, the invasion of their privacy, annoyance, waste of time, the use of their telephone power and network bandwidth, and the intrusion on their telephone that occupied it from receiving legitimate communications.

49.     The Class as defined above are identifiable through the Defendant's dialer records, other phone records, and phone number databases.

50.     Plaintiff does not know the exact number of members in the Class, but Plaintiff reasonably believes Class members number, at minimum, in the hundreds in each class.

51.     The joinder of all Class members is impracticable due to the size and relatively modest value of each individual claim.

52.     Additionally, the disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

53.     There are well defined, nearly identical, questions of law and fact affecting all parties. The questions of law and fact, referred to above, involving the class claims predominate over questions which may affect individual Class members.

54.     There are numerous questions of law and fact common to Plaintiff and to the proposed Class, including but not limited to the following:

(a) Whether the Defendant used pre-recorded message to send telemarketing calls;

(b) Whether the Defendant made telemarketing calls to numbers on the National Do Not Call Registry Class;

(c) whether Defendant made calls to Plaintiff and members of the Class without first obtaining prior express written consent to make the calls;

(d) whether Defendant's conduct constitutes a violation of the TCPA; and

(e) whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

55.     Further, Plaintiff will fairly and adequately represent and protect the interests of the Class. Plaintiff has no interests which are antagonistic to any member of the Class.

56.     Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions, and especially TCPA class actions.

57.     Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the other members of the Class, and have the financial resources to do so.

58.     Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendant and/or its agents.

59.     The likelihood that individual members of the Class will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

60.     Plaintiff is not aware of any litigation concerning this controversy already commenced by others who meet the criteria for class membership described above.

## FIRST CAUSE OF ACTION

### Violation of the Telephone Consumer Protection Act
### 47 U.S.C. 227(b) on behalf of the Robocall Class

61.     Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

62. The foregoing acts and omissions of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making calls, except for emergency purposes, to the cellular telephone numbers of Plaintiff and members of the Class delivering pre-recorded messages.

63. As a result of Defendant's and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf's violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the Class presumptively are entitled to an award of $500 in damages for each and every call made to their cellular telephone numbers using an artificial or prerecorded voice in violation of the statute, pursuant to 47 U.S.C. § 227.

64. If the Defendant's conduct is found to be knowing or willful, the Plaintiff and members of the Class are entitled to an award of up to treble damages.

65. Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf from violating the TCPA, 47 U.S.C. § 227, by making calls, except for emergency purposes, to any cellular telephone numbers using an artificial or prerecorded voice in the future.

## SECOND CAUSE OF ACTION
**Telephone Consumer Protection Act**
**(Violations of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff and the National Do Not Call Registry Class)**

66. Plaintiff repeats and incorporates the prior allegations as if fully set forth herein.

67. The foregoing acts and omissions of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple

violations of the TCPA, 47 U.S.C. § 227, by making telemarketing calls, except for emergency purposes, to the Plaintiff and the Class despite their numbers being on the National Do Not Call Registry.

68.     The Defendant's violations were negligent, willful, or knowing.

69.     As a result of Defendant's and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the Class presumptively are entitled to an award of between $500 and $1,500 in damages for each and every call made.

70.     Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting Defendant from making telemarketing calls to numbers on the National Do Not Call Registry, except for emergency purposes, in the future.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

A.     Injunctive relief prohibiting Defendant from calling cellular telephone numbers advertising their goods or services, except for emergency purposes, using a pre-record message or making telemarketing calls to numbers on the National Do Not Call Registry in the future;

B.     That the Court enter a judgment awarding Plaintiff and all class members statutory damages of $500 for each violation of the TCPA and $1,500 for each knowing or willful violation; and

C.     An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing an appropriate Class the Court deems appropriate, finding

that Plaintiff is a proper representative of the Class, and appointing the lawyers and law firms

representing Plaintiff as counsel for the Class;

       D.      Such other relief as the Court deems just and proper.

## **JURY DEMAND**

Plaintiff requests a jury trial as to all claims of the complaint so triable.

Dated: August 25, 2022         Plaintiff,
                             By Counsel,

                             By: */s/ Anthony Paronich*
                             Anthony I. Paronich
                             Paronich Law, P.C.
                             350 Lincoln Street, Suite 2400
                             Hingham, MA 02043
                             (617) 485-0018
                             anthony@paronichlaw.com