## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RHONDA ALEY, on behalf of herself and others similarly situated, | CIVIL ACTION 1:22-cv-04543 |
| Plaintiff, | HON. JOHN F. NESS |
| v. | |
| ELIGO ENERGY, LLC, | |
| Defendant. | |

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES
## TO PLAINTIFF'S CLASS ACTION COMPLAINT

Defendant ELIGO ENERGY, LLC ("Eligo" or "Defendant"), through its undersigned counsel, hereby submits its Answer to the Class Action Complaint (the "Complaint") of Plaintiff Rhonda Aley ("Plaintiff") (ECF No. 1) as follows:

Defendant admits that Plaintiff, in his unnumbered first paragraph, purports to bring this case as a class action against Defendant. Except as expressly admitted, Defendant denies the remaining allegations in this paragraph.

### NATURE OF THE ACTION[1]

1.      As the Supreme Court explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—

---

[1]      For the Court's convenience, Defendant has incorporated the "headings" that appear in the Complaint, as well as the formatting from those headings. However, Defendant does not necessarily agree with and does not admit the characterizations of such headings unless specifically admitted herein; nor does Defendant waive any right to object to those characterizations.

3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back. As relevant here, the Telephone Consumer Protection Act of 1991, known as the TCPA, generally prohibits robocalls to cell phones and home phones." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

      **ANSWER:** Defendant admits that the allegations refer to the Telephone Consumer Protection Act of 1991 ("TCPA") and material quoted from the Supreme Court ruling in *Barr v. Am Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020). Except as expressly admitted, Defendant denies the allegations in this paragraph.

      2.     However, the TCPA doesn't only restrict robocalls and as the Fourth Circuit Court of Appeals has explained, "Telemarketing calls are intrusive. A great many people object to these calls, which interfere with their lives, tie up their phone lines, and cause confusion and disruption on phone records. Faced with growing public criticism of abusive telephone marketing practices, Congress enacted the Telephone Consumer Protection Act of 1991. Pub. L. No. 102-243, 105 Stat. 2394 (1991) (codified at 47 U.S.C. § 227). As Congress explained, the law was a response to Americans "outraged over the proliferation of intrusive, nuisance calls to their homes from telemarketers" *id.* § 2(6), and sought to strike a balance between "[i]ndividuals' privacy rights, public safety interests, and commercial freedoms" *id.* § 2(9).

      **ANSWER:** Defendant admits that the allegations refer to the TCPA. Except as expressly admitted, Defendant denies the allegations in this paragraph.

      3.     "The law opted for a consumer-driven process that would allow objecting individuals to prevent unwanted calls to their homes. The result of the telemarketing regulations was the national Do-Not-Call registry. *See* 47 C.F.R. § 64.1200(c)(2). Within the federal government's web of indecipherable acronyms and byzantine programs, the Do-Not-Call registry stands out as a model of clarity. It means what it says. If a person wishes to no longer receive telephone solicitations, he can add his number to the list. The TCPA then restricts the telephone solicitations that can be made to that number. *See id.*; 16 C.F.R. § 310.4(b)(iii)(B) ('It is an abusive telemarketing act or practice and a violation of

this Rule for a telemarketer to . . . initiat[e] any outbound telephone call to a person when . . . [t]hat person's telephone number is on the "do-not-call" registry, maintained by the Commission.')…Private suits can seek either monetary or injunctive relief. *Id*…This private cause of action is a straightforward provision designed to achieve a straightforward result. Congress enacted the law to protect against invasions of privacy that were harming people. The law empowers each person to protect his own personal rights. Violations of the law are clear, as is the remedy. Put simply, the TCPA affords relief to those persons who, despite efforts to avoid it, have suffered an intrusion upon their domestic peace." *Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 649-50 (4th Cir. 2019).

**ANSWER:** Defendant admits that the allegations refer to the TCPA and various provisions of the Code of Federal Regulations and case law. Except as expressly admitted, Defendant denies the allegations in this paragraph.

4. The Plaintiff alleges that Eligo Energy, LLC ("Eligo Energy") made unsolicited telemarketing calls to her residential telephone number that is listed on the National Do Not Call Registry, including those using a pre-recorded message.

**ANSWER:** Defendant admits that Plaintiff makes certain allegations in paragraph 4 of the Complaint about Defendant but, except as expressly admitted, Defendant denies the allegations in this paragraph.

5. Because telemarketing calls typically use technology capable of generating thousands of similar calls per day, the Plaintiff sues on behalf of a proposed nationwide class of other persons who received similar calls.

**ANSWER:** Defendant admits that in paragraph 5 of the Complaint Plaintiff purports to sue on behalf of herself and a putative nationwide class. Except as expressly admitted, Defendant denies the allegations in this paragraph.

6. A class action is the best means of obtaining redress for the Defendant's illegal telemarketing and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

**ANSWER:** Defendant denies the allegations in paragraph 6 of the Complaint.

## PARTIES

7.     Plaintiff Rhonda Aley is an individual.

**ANSWER:**   Defendant admits the allegation in paragraph 7 of the Complaint.

8.     Defendant Eligo Energy, LLC is a Delaware limited liability company with its principal place of business in this District.

**ANSWER:** Defendant admits the allegation in paragraph 8 of the Complaint.

## JURISDICTION AND VENUE

9.     This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227 *et seq*.

**ANSWER:**   Defendant denies that this Court has jurisdiction over the alleged claims because Defendant denies that Plaintiff suffered a cognizable injury that is fairly traceable to any conduct by Defendant.

10.     This Court has personal jurisdiction over Eligo Energy because its principal place of business is in this District.

**ANSWER:**   Defendant admits that its principal place of business is in this District. Except as expressly admitted, Defendant denies the allegations in paragraph 10 of the Complaint.

11.     Venue is proper pursuant to 28 U.S.C. § 1391(b) because the Defendant sent the calls at issue from this District.

**ANSWER:**   Defendant admits that it conducts business in this District but denies the remaining allegations in paragraph 11 of the Complaint.

## TCPA BACKGROUND

12.     In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy [.]" Telephone Consumer

Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

**ANSWER:** Defendant admits that the allegations refer to the TCPA. Except as expressly admitted, Defendant denies the allegations in this paragraph.

<u>The TCPA Prohibits Automated Telemarketing Calls</u>

13. The TCPA makes it unlawful to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an artificial or prerecorded voice to any residential telephone number. *See* 47 U.S.C. § 227(b)(1)(B).

**ANSWER:** Defendant admits that the allegations refer to the TCPA. Except as expressly admitted, Defendant denies the allegations in this paragraph.

14. The TCPA provides a private cause of action to persons who receive calls in violation of 47 U.S.C. § 227(b)(1)(A) or 47 U.S.C. § 227(b)(1)(B). *See* 47 U.S.C. § 227(b)(3).

**ANSWER:** Defendant admits that the allegations refer to the TCPA. Except as expressly admitted, Defendant denies the allegations in this paragraph.

15. According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.

**ANSWER:** Defendant admits that the allegations refer to the TCPA and findings by the FCC. Except as expressly admitted, Defendant denies the allegations in this paragraph.

16. In 2013, the FCC required prior express written consent for all autodialed or prerecorded telemarketing calls ("robocalls") to wireless numbers and residential lines. Specifically, it ordered that:

> [A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer: (1) received "clear and conspicuous disclosure" of the

consequences of providing the requested consent, i.e., that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates.[] In addition, the written agreement must be obtained "without requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or service.[]"

*In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991,* 27 F.C.C. Rcd. 1830, 1844 (2012) (footnotes omitted).

**ANSWER:** Defendant admits that the allegations refer to *In re Rules and Regulations Implementing the TCPA of 1991*, 27 FCC Red. 1830, 1850 (2012). Except as expressly admitted, Defendant denies the allegations in this paragraph.

<u>The National Do Not Call Registry</u>

17.     The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

**ANSWER:** Defendant admits that the allegations refer to The National Do Not Call Registry. Except as expressly admitted, Defendant denies the allegations in this paragraph.

18.     A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id*.

**ANSWER:** Defendant admits that the allegations refer to The National Do Not Call Registry. Except as expressly admitted, Defendant denies the allegations in this paragraph.

19.     The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provides a private right of action against any entity that makes those calls, or "on whose behalf" such calls are promoted. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

**ANSWER:** Defendant admits that the allegations refer to the TCPA and

implementing regulations. Except as expressly admitted, Defendant denies the allegations in this paragraph.

## FACTUAL ALLEGATIONS

20.     Defendant Eligo Energy is a "person" as the term is defined by 47 U.S.C. § 153(39).

**ANSWER:**  Defendant admits that the allegations refer to 47 U.S.C. §153 (39), which speaks for itself.  Except as expressly admitted, Defendant denies the allegations in this paragraph.

21.     Eligo Energy generates new customers through telemarketing calls to numbers on the National Do Not Call Registry, including by pre-recorded calls.

**ANSWER:**  Defendant denies the allegations in paragraph 21 of the Complaint.

22.     At no point has the Plaintiff sought out or solicited information regarding Defendant's goods and services prior to receiving the telemarketing calls at issue.

**ANSWER:**  Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 22 of the Complaint and, therefore, denies them.

Calls to Ms. Aley

23.     Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

**ANSWER:**  Defendant admits that Plaintiff is a person and that the allegations refer to 47 U.S.C. §153 (39).  Except as expressly admitted, Defendant denies the allegations in this paragraph.

24.     Plaintiff's telephone number (the "Number"), 315-225-XXXX, is a cellular telephone number.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 24 of the Complaint and, therefore, denies them.

25. That number has been on the National Do Not Call Registry and has been registered continuously since October 27, 2008.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 25 of the Complaint and, therefore, denies them.

26. That number is a residential number not associated with a business.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 26 of the Complaint and, therefore, denies them.

27. The number is for personal calls only.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 27 of the Complaint and, therefore, denies them.

28. Despite this, the Defendant placed multiple telemarketing calls to Ms. Aley.

**ANSWER:** Defendant denies the allegations in paragraph 28 of the Complaint.

29. This includes at least two calls on August 9, 2022.

**ANSWER:** Defendant denies the allegations in paragraph 29 of the Complaint.

30. Both calls were sent from the same Caller ID, 607-875-8001.

**ANSWER:** Defendant denies the allegations in paragraph 30 of the Complaint.

31.     Ms. Aley did not recognize the number and rejected the first call.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 31 of the Complaint and, therefore, denies them.

32.     However, the defendant called again.

**ANSWER:** Defendant denies the allegations in paragraph 32 of the Complaint.

33.     On the second call, the Defendant left a pre-recorded message.

**ANSWER:** Defendant denies the allegations in paragraph 33 of the Complaint.

34.     The pre-recorded message stated:

> This is Ms. Gardner. I was trying to reach you regarding an important matter of reviewing the supply charges for your National Grid electric statement. Please return my call at (607) 875-8001. Again, that number is (607) 875-8001. And have a statement available to review. Your reference number is N165. I'll speak to you soon.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the referenced pre-recorded message described in paragraph 34 of the Complaint but denies that it made any such call to Plaintiff.

35.     The call was clearly pre-recorded because (a) there was a long pause before the call (b) there was a click before the recorded message began (c) the message was monotone and non-personalized.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the pre-recorded message referenced in paragraph 34 but denies that it made any such call to Plaintiff.

36.     The Plaintiff called back the number left on the message.

**ANSWER:** Defendant is without knowledge or information sufficient to

form a belief as to the allegations contained in paragraph 36 of the Complaint and, therefore, denies them.

37.     The Defendant, through an employee named "Kaitlyn" advertised the Defendant's services, including what they claimed was an ability to lower the Plaintiff's electric bill if she signed up with them.

**ANSWER:**   Defendant denies the allegations in paragraph 37 of the Complaint.

38.     Prior to filing this case, Plaintiff's counsel wrote to the Defendant regarding the calling conduct, including the pre-recorded call.

**ANSWER:**  Defendant admits the Plaintiff's counsel wrote to Defendant as alleged in paragraph 38 of the Complaint.  Except as expressly admitted, the writing speaks for itself.

39.     The Defendant did not deny making the calls.

**ANSWER:**  Defendant denies the allegations in this paragraph.

40.     Plaintiff's privacy has been violated by the above-described telemarketing calls.

**ANSWER:**  Defendant denies the allegations in this paragraph.

41.     The Plaintiff never provided his consent or requested these calls.

**ANSWER:**   Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in this paragraph and therefore denies them.

42.     Plaintiff and all members of the Class, defined below, have been harmed by the acts of Defendant because their privacy has been violated, and they were annoyed and harassed.

**ANSWER:**   Defendant denies the allegations in paragraph 42 of the Complaint.

43.     In addition, the calls occupied their telephone lines, rendering them unavailable for legitimate communication.

**ANSWER:**  Defendant denies the allegations in this paragraph.

## Class Action Allegations

44.     Plaintiff brings this action on behalf of himself and the following Classes (the "Classes") pursuant to Federal Rule of Civil Procedure 23(b)(2) or (b)(3).

**ANSWER:**  Defendant admits that Plaintiff purports to bring this action on behalf herself and certain classes pursuant to Fed. R. Civ. P. 23(b)(2) or (b)(3) as alleged in paragraph 44 of the Complaint.  Except as expressly admitted herein, Defendant denies the allegations in this paragraph and denies that this case is an appropriate vehicle for a class action.

45.     Plaintiff proposes the following Class definitions, subject to amendment as appropriate:

> **Robocall Class:** All persons within the United States: (1) to whose cellular telephone line (2) the Defendant or a call center they hired (3) made a pre-recorded call (4) from four years prior to the filing of the case through the date of class certification.

> **Do Not Call Registry Class:** All persons in the United States whose (1) telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarketing call from or on behalf of Defendant (3) within a 12-month period (4) from the four years prior to the filing of the complaint through the date of trial.

**ANSWER:**     Defendant admits that Plaintiff proposes certain Class definitions in paragraph 45 of the Complaint. Except as expressly admitted, Defendant denies the allegations in this paragraph and denies that this case is an appropriate vehicle for a class action.

46.     Plaintiff is a member of this classes and will fairly and adequately represent and protect the interests of this classes as he has no interests that conflict with any of the class members.

**ANSWER:**   Defendant denies the allegations in paragraph 46 of the Complaint.

47.     Excluded from the Class are counsel, the Defendant, and any entities in which the Defendant has a controlling interest, the Defendant's agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

**ANSWER:**   Defendant admits that Plaintiff purports to exclude certain individuals and entities from the putative class in paragraph 47 of the Complaint. Except as expressly admitted herein, Defendant denies the allegations in this paragraph and denies that this case is an appropriate vehicle for a class action.

48.     Plaintiff and all members of the Class have been harmed by the acts of the Defendant, including, but not limited to, the invasion of their privacy, annoyance, waste of time, the use of their telephone power and network bandwidth, and the intrusion on their telephone that occupied it from receiving legitimate communications.

**ANSWER:**   Defendant denies the allegations in paragraph 48 of the Complaint and denies that this case is an appropriate vehicle for a class action.

49.     The Class as defined above are identifiable through the Defendant's dialer records, other phone records, and phone number databases.

**ANSWER:**   Defendant denies the allegations in paragraph 49 of the Complaint and denies that this case is an appropriate vehicle for a class action.

50.     Plaintiff does not know the exact number of members in the Class, but Plaintiff reasonably believes Class members number, at minimum, in the hundreds in each class.

**ANSWER:**   Defendant denies the allegations in paragraph 50 of the

Complaint and denies that this case is an appropriate vehicle for a class action.

51. The joinder of all Class members is impracticable due to the size and relatively modest value of each individual claim.

**ANSWER:** Defendant denies the allegations in paragraph 51 of the Complaint and denies that this case is an appropriate vehicle for a class action.

52. Additionally, the disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

**ANSWER:** Defendant denies the allegations in paragraph 52 of the Complaint and denies that this case is an appropriate vehicle for a class action.

53. There are well defined, nearly identical, questions of law and fact affecting all parties. The questions of law and fact, referred to above, involving the class claims predominate over questions which may affect individual Class members.

**ANSWER:** Defendant denies the allegations in paragraph 53 of the Complaint and denies that this case is an appropriate vehicle for a class action.

54. There are numerous questions of law and fact common to Plaintiff and to the proposed Class, including but not limited to the following:

(a) Whether the Defendant used pre-recorded message to send telemarketing calls;

(b) Whether the Defendant made telemarketing calls to numbers on the National Do Not Call Registry Class;

(c) whether Defendant made calls to Plaintiff and members of the Class without first obtaining prior express written consent to make the calls;

(d) whether Defendant's conduct constitutes a violation of the TCPA; and

(e) whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

**ANSWER:** Defendant denies the allegations in paragraph 54 of the Complaint and denies that this case is an appropriate vehicle for a class action.

55. Further, Plaintiff will fairly and adequately represent and protect the interests of the Class. Plaintiff has no interests which are antagonistic to any member of the Class.

**ANSWER:** Defendant denies the allegations in paragraph 55 of the Complaint and denies that this case is an appropriate vehicle for a class action.

56. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions, and especially TCPA class actions.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the allegations in paragraph 56 of the Complaint and, therefore, denies them.

57. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the other members of the Class, and have the financial resources to do so.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the allegations in paragraph 57 of the Complaint and, therefore, denies them.

58. Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendant and/or its agents.

**ANSWER:** Defendant denies the allegations in this paragraph.

59. The likelihood that individual members of the Class will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

**ANSWER:** Defendant is without knowledge or information sufficient to

form a belief as to the allegations in paragraph 59 of the Complaint and, therefore, denies them.

60.    Plaintiff is not aware of any litigation concerning this controversy already commenced by others who meet the criteria for class membership described above.

**ANSWER:**  Defendant is without knowledge or information sufficient to form a belief as to the allegations in paragraph 60 of the Complaint and, therefore, denies them.

## FIRST CAUSE OF ACTION

### Violation of the Telephone Consumer Protection Act
### 47 .S.C. § 227(b) on behalf of the Robocall Class
### 48

61.    Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

**ANSWER:**  Defendant incorporates by reference the paragraphs 1 through 60 of the Complaint as though set forth in full herein.

62.    The foregoing acts and omissions of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making calls, except for emergency purposes, to the cellular telephone numbers of Plaintiff and members of the Class delivering pre-recorded messages.

**ANSWER:**  Defendant denies the allegations in this paragraph.

63.    As a result of Defendant's and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf's violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the Class presumptively are entitled to an award of $500 in damages for each and every call made to their cellular telephone numbers using an artificial or prerecorded voice in violation of the statute, pursuant to 47 U.S.C. § 227.

**ANSWER:**  Defendant denies the allegations in this paragraph.

64.    If the Defendant's conduct is found to be knowing or willful, the

Plaintiff and members of the Class are entitled to an award of up to treble damages.

**ANSWER:**   Defendant denies the allegations in paragraph 64 of the Complaint.

65.    Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf from violating the TCPA, 47 U.S.C. § 227, by making calls, except for emergency purposes, to any cellular telephone numbers using an artificial or prerecorded voice in the future.

**ANSWER:**   Defendant denies the allegations in paragraph 65 of the Complaint.

**SECOND CAUSE OF ACTION**
**Telephone Consumer Protection Act**
**(Violations of 47 U.S.C. § 227**
**(On Behalf of Plaintiff and the National Do Not Call Registry Class)**

66.    Plaintiff repeats and incorporates the prior allegations as if fully set forth herein.

**ANSWER:**  Defendant incorporates by reference the paragraphs 1 through 60 of the Complaint as though set forth in full herein.

67.    The foregoing acts and omissions of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making telemarketing calls, except for emergency purposes, to the Plaintiff and the Class despite their numbers being on the National Do Not Call Registry.

**ANSWER:**  Defendant denies the allegations in this paragraph.

68.    The Defendant's violations were negligent, willful, or knowing.

**ANSWER:**   Defendant denies the allegations in paragraph 68 of the Complaint.

69.    As a result of Defendant's and/or its affiliates, agents, and/or other

persons or entities acting on Defendant's behalf violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the Class presumptively are entitled to an award of between $500 and $1,500 in damages for each and every call made.

**ANSWER:** Defendant denies the allegations in paragraph 69 of the Complaint.

70. Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting Defendant from making telemarketing calls to numbers on the National Do Not Call Registry, except for emergency purposes, in the future.

**ANSWER:** Defendant denies the allegations in paragraph 70 of the Complaint.

## PRAYER FOR RELIEF

Defendant denies all allegations contained in the "WHEREFORE" section of the Complaint, including all of its subparts and subparagraphs, and specifically denies that Plaintiff is entitled to class certification, appointment as class representative or counsel, damages, statutory relief, injunctive relief declaratory relief, fees, costs or any relief whatsoever against Defendant.

## JURY DEMAND

Defendant denies that any of the allegations set forth in the Complaint allege triable issues against Defendant.

## GENERAL DENIAL

Except as expressly admitted, Defendant denies each and every other allegation set forth in the Complaint.

## AFFIRMATIVE DEFENSES

Defendant asserts the following defenses to the claims and allegations set forth in the Complaint. By asserting these defenses, Defendant does not admit that it bears the burden of proof or the burden of persuasion with respect to any particular defense. Defendant reserves the right to assert additional affirmative

defenses in the event that discovery indicates they are proper.

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Cause of Action)

The Complaint fails to allege facts sufficient to state a cause of action against Defendant. For example, Plaintiff fails to show that any calls allegedly received were those for "which the called party is charged" as required by the TCPA. Plaintiff also suggests the calls at issue were ringless voicemails, which are not "calls" subject to the TCPA.

## SECOND AFFIRMATIVE DEFENSE

### (Arbitration and Class Waiver)

Plaintiff and the putative class members are barred from asserting claims in this forum to the extent their claims are subject to a binding arbitration agreement and an agreement to arbitrate their disputes on an individual (non-class) basis, depriving the Court of jurisdiction over such claims, and rendering venue in this Court improper.

## THIRD AFFIRMATIVE DEFENSE

### (Consent)

Plaintiff and the putative class members are barred from asserting their claims in whole or in part because the calls at issue were made with the recipients' prior express consent.

## FOURTH AFFIRMATIVE DEFENSE

### (Acquiescence, Estoppel, Waiver, and Unclean Hands)

Plaintiff and the putative class members are barred from asserting their claims, in whole or in part, by the doctrines of acquiescence, estoppel, waiver, and/or unclean hands. For example, Plaintiff cannot assert claims under the TCPA against Defendant to the extent she or others voluntarily provided telephone numbers for the purpose of receiving calls like the ones referenced in the

Complaint.

## FIFTH AFFIRMATIVE DEFENSE

### (Laches)

Plaintiff and the putative class members are barred from asserting their claims in whole or in part by the doctrine of laches.

## SIXTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

Plaintiff and the putative class members are barred from asserting their claims in whole or in part by their failure to mitigate their purported damages.

## SEVENTH AFFIRMATIVE DEFENSE

### (No Knowing or Willful Misconduct)

Any claim for treble damages is barred because Defendant did not engage in knowing or willful misconduct. Defendant does not conduct telemarketing itself and it requires all vendors to comply with the law.

## EIGHTH AFFIRMATIVE DEFENSE

### (No Proximate Cause)

Defendant did not proximately cause any damages, injury, or violation alleged in the Complaint. Instead, to the extent any harm occurred, the acts of third parties (such as vendors, Plaintiff, or other persons who provided the number on which Plaintiff was allegedly called) proximately caused any damages, injuries, or violations at issue.

## NINTH AFFIRMATIVE DEFENSE

### (Standing)

Plaintiff and the putative class members lack standing to bring the claims alleged in the Complaint, especially against Defendant, because any harm allegedly caused by the calls at issue (which Defendant denies) is not fairly traceable to any violation allegedly committed by Defendant, pursuant to *Spokeo, Inc. v. Robins*,

135 S. Ct. 1892 (2015). Likewise, to the extent that Plaintiff did not herself register her number on the national do-not-call registry, she lacks standing to assert her do-not-call registry claims.

## TENTH AFFIRMATIVE DEFENSE

### (No Agency or Vicarious Liability and Proportional Allocation of Fault)

Any damages, injury, violation or wrongdoing alleged in the Complaint was caused by third parties or Plaintiff for which Defendant cannot be held vicariously liable. Further, Defendant did not authorize, ratify, encourage, participate in, aid, abet, or assist in any of the conduct alleged in the Complaint and cannot be held liable for it. For example, to the extent vendors caused any damages, injury, violations of the law or wrongdoing or engaged in the conduct alleged in the Complaint, those vendors acted outside the scope or in violation of the parties' agreements and Defendant did not approve of that conduct. As such, Defendant cannot be held vicariously liable. And even if it could, its liability, if any, must be eliminated or reduced by an amount proportionate to the fault attributable to third parties or Plaintiff.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Adequate Remedy at Law)

The Complaint fails to state a claim for injunctive relief because Plaintiff has an adequate remedy at law. For example, the TCPA provides for statutory penalties of $500 to $1,500 per call, or monetary compensation for actual damages.

## TWELFTH AFFIRMATIVE DEFENSE

### (No Residential Number)

Plaintiff's claims are barred to the extent her number or putative class members' numbers are not residential.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (First Amendment)

The TCPA and the regulations and rules promulgated thereunder violate the First Amendment of the United States Constitution. For example, they impose content-based restrictions on speech that fail to withstand strict scrutiny.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Due Process)

The application of the TCPA upon which the Complaint is based, including the imposition of statutory damages on Defendant, would violate the Due Process provisions of the United States Constitution. For example, certain definitions contained in the TCPA renders the statute unconstitutionally vague. Additionally, the statutory penalties sought by Plaintiff are excessive.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (No "Call")

Defendant did not "make any call" to Plaintiff, as that term is used in the TCPA, 47 U.S.C. § 227(b)(1)(A).

## SIXTEENTH AFFIRMATIVE DEFENSE

### (No Charge)

Plaintiff was not "charged for the call" with respect to the calls at issue in this lawsuit, as that term is used in the TCPA.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Hobbs Act)

The Hobbs Act cannot be validly or constitutionally applied to preclude Defendant from raising defenses to an action arising under the TCPA or rules or regulations promulgated thereunder.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Substantial Compliance with Laws)

Defendant is not liable to Plaintiff because Defendant acted reasonably and with due care and substantially complied with all applicable statutes, regulations,

ordinances, and/or other laws.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Reasonable Practices)

Any and all claims brought in the Complaint are barred in whole or in part because Defendant has established and instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of Defendant and for scrubbing against the national do-not-call registry, consistent with the minimum standards outlined in 47 C.F.R. § 64.1200.

## TWENTIETH AFFIRMATIVE DEFENSE

### (One Call)

Any and all claims brought in the Complaint are barred in whole or in part to the extent Plaintiff or any putative class member did not receive more than one telephone call within any 12-month period by or on behalf of Defendant.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (*Bona Fide* Error)

Any and all claims brought in the Complaint are barred in whole or in part because, to the extent there was any violation of the TCPA and related regulations (which is denied), any such violation was not intentional and resulted from a *bona fide* error.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Existing Business Relationship)

Any and all claims in the Complaint are barred to the extent Defendant had an existing business relationship with the actual or intended recipient.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Good Faith)

Any and all claims brought in the Complaint are barred because Defendant possessed a good faith belief that it had consent to call the numbers at issue.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE
### (FCC Exceeding Delegated Authority)

Plaintiffs' TCPA claim is barred to the extent it is based on regulations or rulings that exceed the FCC's delegated authority.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE
### (Class Action Deficiencies)

Plaintiff cannot satisfy the prerequisites set forth in Rule 23 of the Federal Rules of Civil Procedure to maintain this action as a class action. Further, Defendant gives notice that, in the event that this Court certifies a class, which Defendant denies would be appropriate, Defendant reserves the right to adopt and incorporate by reference each and every applicable defense pleaded (and any others that may be appropriate at that point) to all members of such class.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE
### (Reservation of Right to Assert Further Defenses)

Defendant has not knowingly or intentionally waived any applicable defenses and gives notice that it intends to rely on such other and further affirmative defenses as may become available during discovery in this action. Defendant reserves the right to amend its Answer to assert any such defense.

## PRAYER FOR RELIEF

WHEREFORE, Defendant ELIGO ENERGY, LLC prays for judgment as follows:

1. That Plaintiff take nothing from Defendant by reason of this Complaint and that judgment be entered in favor of Defendant;

2. For dismissal of the Complaint with prejudice;

3. That the Court award Defendant costs and reasonable attorneys' fees;

4. For such other relief as the Court deems just and proper.

DATED:    October 24, 2022

KABAT CHAPMAN & OZMER LLP

*/s/ James Thompson*
James Thompson (Atty No. 6199621)
LYNCH THOMPSON LLP
150 S. Wacker Drive, Suite 2600
Chicago, IL 60606
312-346-1600/312-667-9231 (fax)
jthompson@lynchthompson.com
docketing@lynchthompson.com

Ryan D. Watstein (*pro hac vice* application
forthcoming)
Florida Bar Number 093945
rwatstein@kcozlaw.com
171 17th Street NW, Suite 1550
Atlanta, Georgia 30363
(404) 400-7300
(404) 400-7333 Fax

*Counsel for Defendant*
*Eligo Energy, LLC*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on today's date, October 24, 2022, I electronically filed the DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S CLASS ACTION COMPLAINT with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

*/s/ James Thompson*
James Thompson

*Counsel for Defendant*
*Eligo Energy, LLC*